UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN M. HAIRSTON,

    Petitioner,

    v.                                CAUSE NO. 3:25-CV-1098-PPS-AZ

WARDEN,

    Respondent.

OPINION AND ORDER

John M. Hairston, a prisoner without a lawyer, filed a habeas petition challenging the calculation of his sentence issued by the Marion Superior Court in Case No. 49G06-8-CF-135837 on February 23, 2001.[1] According to Hairston, the Indiana Department of Correction has calculated his sentence incorrectly, and he seeks his immediate release from custody. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of Hairston's claims, I must ensure that he has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. §

---

[1] The exhibits attached to the petition identify the operative case number as "49G06-0008-CF-135837," so I will assume that that is the operative case number for purposes of this order. However, that case number returns no results when entered into the electronic dockets for the State courts, available at https://public.courts.in.gov/mycase/. Instead, a search of the State dockets suggests that 49G06-8-FA-135837 is the operative case number.

>   2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. Ct. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008). In the petition, Hairston does not suggest that he has challenged the calculation of his sentence at any level of the State courts. Consequently, it appears that I should dismiss this case without prejudice to Hairston returning to federal court once he has finished in State court. Nevertheless, I will grant Hairston an opportunity to address the exhaustion issue before deciding whether to dismiss for failure to exhaust pursuant to Section 2254 Habeas Corpus Rule 4.

Hairston also filed a motion for leave to proceed *in forma pauperis*. ECF 2. However, he did not attach his prison account ledgers or any explanation as to why he did not do so. Consequently, I deny the motion with leave to refile it with the last six months of his prison account summary attached. Alternatively, Hairston may resolve his filing fee status by paying the filing fee in full.

Additionally, Hairston filed a motion asking me to expedite an order for the Warden to explain the legal basis for continuing to hold him in custody. ECF 3.

However, the issuance of such an order would be premature given my concerns regarding the exhaustion issue and Hairston's filing fee status.

For these reasons, the court:

(1) DENIES without prejudice the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) DENIES the motion to expedite (ECF 3);

(3) ORDERS John M. Hairston to file a response to this Order on whether he has appropriately exhausted his remedies and to resolve his filing fee status by <u>March 11, 2026</u>; and

(4) CAUTIONS John M. Hairston, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on February 11, 2026.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT