UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN M. HAIRSTON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-1098-PPS-AZ |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

John M. Hairston, a prisoner without a lawyer, filed a habeas petition challenging the calculation of his sentence issued by the Marion Superior Court in Case No. 49G06-8-CF-135837 on February 23, 2001.[1] According to Hairston, the Indiana Department of Correction has calculated his sentence incorrectly, and he seeks his immediate release from custody. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In a prior order, I observed that the petition contained no indication that Hairston had exhausted his available State court remedies with respect to his sentence calculation claims. ECF 4. However, I granted Hairston an opportunity to respond rather than immediately dismissing the case. *Id.* Hairston has now responded,

---

[1] The exhibits attached to the petition identify the operative case number as "49G06-0008-CF-135837," so I will assume that that is the operative case number for purposes of this order. However, that case number returns no results when entered into the electronic dockets for the State courts, available at https://public.courts.in.gov/mycase/. Instead, a search of the State dockets suggests that 49G06-8-FA-135837 is the operative case number.

conceding that he has not exhausted State court remedies but also asks me to stay this case until he has done so, relying on *Rhines v. Weber*, 544 U.S. 269, 275–79 (2005). In *Rhines*, the Supreme Court of the United States considered whether it was appropriate to stay federal habeas proceedings to allow petitioners an opportunity to properly exhaust State court remedies without running into timeliness issues after they had finished in State court. *Id.*; *see also Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) ("[A[ district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review.").

Significantly, dismissing this case presents no timeliness concerns because sentence calculation claims are challenges under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, so the one-year limitations period in 28 U.S.C. § 2244(d) does not apply to Hairston's claim. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to . . .

2

the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)[.]"). Consequently, I decline to stay this case but will instead dismiss it for failure to exhaust State court remedies without prejudice to Hairston refiling his habeas claim once he has finished in State court.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, I deny Hairston a certificate of appealability.

For these reasons, the court:

(1) DENIES the motion for a stay (ECF 5);

(2) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it is unexhausted;

(3) DENIES John M. Hairston a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on February 23, 2026.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT

3